DECUIR, Judge.
Plaintiff, Richard Alan Breaux, filed suit individually and on behalf of his two minor children, Travis Wayne Breaux and Richard Alan Breaux, II, against the Jefferson Davis Sheriffs Department, Sheriff Dallas Cormier, Chief Deputy Ervin Trahan, Deputy Danny Simms, and Deputy Chester Kowalski. The suit alleged that defendants violated plaintiffs’ constitutional rights as a result of an unlawful entry and search of their home and unlawful arrest of Richard Alan Breaux. Plaintiffs bring this tort action under state law and pursuant to 42 U.S.C. § 1983 (1994). This matter is properly before this court.
*616 Defendants answered denying plaintiffs’ allegations and asserting the defense of qualified immunity. Plaintiffs filed a motion for summary judgment contending that as a matter of law, the qualified immunity defense should be stricken since the arrest was illegal. Defendants filed a cross motion for summary judgment. Plaintiffs now appeal from the judgment of the trial court denying plaintiffs’ motion and granting defendants’ motion, dismissing plaintiffs’ petition with prejudice.
plaintiffs contend on appeal that the trial court erred in relying on deposition testimony outside of the affidavit submitted in support of the arrest warrant in determining whether probable cause existed and in failing to apply the law in determining sufficiency of the affidavit and arrest warrant. The crux of plaintiffs’ argument is that a cause of action exists simply because the warrant issued was defective.
A review of the transcript of the hearing on the motions for summary judgment reveals that the parties agreed that the documentary evidence submitted establish that no genuine issue as to material facts exists and that, as a matter of law, the motions should be considered and decided. No objection was made to the introduction of deposition testimony by the parties.

Facts

We adopt the summation of facts as set forth by the trial court as follows:
The essential facts in this case, as established by the pleadings, depositions, affidavits, and/or other documents on file herein, are not disputed, and may be summarized as follows:
On or about March 2, 1990, the evidence room of the Jefferson Davis Parish Sheriffs Office was burglarized, and approximately 300 pounds of marijuana was taken therefrom. The investigation of the crime was conducted at various times by the City of Jennings (La.) Police Department, the Jefferson Davis Parish Sheriffs Department and the Louisiana State Police. In investigating the crime, Ervin Trahan, a defendant and Chief Deputy of the JDPS was informed by one Warren Martin that several individuals, including Martin, and the plaintiff Richard Alan Breaux, were involved in the burglary. Chief Deputy Trahan interviewed Mr. Martin concerning these allegations and took a statement from him (on file — attached to the affidavit and warrant). Martin informed Trahan that Ted Gary (then Chief Deputy Sheriff), A.C. Campbell and a Frankie Richard, and plaintiff Ricky Breaux were involved in the burglary. (Deposition of Trahan, pp. 2-39).
Trahan was at first skeptical of Martin’s information because he knew that Martin had been arrested several times. After some time, Trahan decided to test Martin’s veracity and took him to Crowley to be examined by a polygraph examiner; the result being that Martin passed the polygraph test. (Deposition of Trahan p. 44, 45) (Deposition ofJjMiller, p. 21, 22). After Martin was polygraphed, Trahan took him to the office of the then District Attorney, Wendell R. Miller, who interviewed Martin, considered the information provided by Martin and Trahan, including Martin’s having passed the polygraph test, and concluded that probable cause did exist to obtain an arrest warrant for Breaux’s arrest (Deposition of Miller, pp. 30-44).
Thereafter, Deputy Chester Kowalski, with the assistance of Rodney M. Steed, Administrator-Investigator for the District Attorney, prepared an affidavit and warrant for the arrest of Richard A. Breaux; went to District Judge William Knight; executed the sworn affidavit and obtained the arrest warrant from Judge Knight on March 26,1990.
The affidavit and warrant are on file herein. The affidavit is brief. It charges that:
“On March 2,1990: Count One: Richard A. Breaux did unlawfully and without authorization commit simple burglary of the Detective Division, Jefferson Davis Parish Sheriff’s Office, Jennings, La., with the intent to commit a theft therein (a felony), in violation of LSA RS 14:62. Count Two: Richard A. Breaux did unlawfully possess over 60 pounds of marijuana (a felony), in violation of LSA RS 40:966 D.”
*617 Attached to the affidavit and warrant in the record is a document purporting to be the results of the polygraph test administered by Acadiana Polygraph and Personnel Screening, Inc., of Crowley, Louisiana, which, after setting forth certain information and the questions asked of Martin, stated that:
“It is the Polygraphist’s opinion that there were indications of truthfulness when Mr. Martin answered the above questions.” (See report dated March 26, 1990).
Also attached to the affidavit and arrest warrant is a copy of a statement given by Warren Martin to Detectives Danny Simms and Chester Kowalski, at 2:17 p.m. on March 26,1990. This statement generally details Martin’s knowledge of the events of the burglary of the Sheriffs evidence room, and the extent of the involvement of the principals thereto, including Ricky Breaux.
After the arrest warrant was obtained from Judge Knight, Chief Deputy Trahan, and Detective Simms and Kowalski went to the home of Ricky Breaux, arrested him, and after allowing Breaux to call his father to come over and stay with the children, Trahan took Breaux back to the CID (Detective’s office). Breaux was not handcuffed at any time. At the office Tra-han questioned Breaux for about one hour, after which he stated he did not feel that Breaux was involved (Deposition of Tra-han, pp. 46-54). Trahan then called the District Attorney’s office and spoke |4to Rod Steed, the administrator, telling him: “Rod, I don’t think Ricky did this, and there’s a warrant on him ... I don’t feel 100% sure that he’s involved in this.” Tra-han said Steed told him to release him and give him another 48 hours, and bring back the warrant. Breaux was then released, without ever being booked and without bond. (Deposition of Trahan, pp. 53-57).
Subsequently, the Louisiana State Police arrested the suspects or perpetrators of the burglary, who were prosecuted and convicted. No further proceedings were brought against Plaintiff Breaux and the charges were dismissed. (Deposition of Miller, p. 41).
Finally, Mr. Miller, the District Attorney, testified that from statements given to him by Mr. Trahan, and the results of the polygraph, and his conference with Mr. Martin in regards to Mr. Breaux, he felt there was probable cause to issue an arrest warrant for Breaux. (Deposition of Miller, pp. 14-15).

Law

The trial court correctly stated that the use of summary judgment to dispose of a claim under 42 U.S.C. § 1983 (1994) is authorized under federal jurisprudence. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The standard applicable in determining whether qualified immunity should be recognized is “objective reasonableness.” Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); and Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Probable cause is a defense to a claim based on an alleged false arrest under 42 U.S.C. § 1983 (1994). Howell v. Tanner, 650 F.2d 610 (5th Cir.1981), cert. denied 456 U.S. 918,102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). Even where law enforcement officials reasonably but mistakenly conclude that probable cause is present, they should not be held personally liable. Anderson, 483 U.S. 635, 107 S.Ct. 3034. The inquiry is whether the totality of the circumstances in the case sub judice justified the actions of the defendants. Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).
The record reflects that the defendants obtained information implicating the plaintiff from an informant. The defendants then took the informant to the District _[j>Attorney who, after interviewing the informant, stated that in his opinion probable cause existed to obtain an arrest warrant for the plaintiff. The trial judge concluded that from the totality of the circumstances the actions of the defendants were objectively reasonable and in good faith, and that on the basis of all the facts and circumstances known to defendants at the time, defendants’ actions were reasonable and with probable *618 cause and not in derogation of plaintiffs’ constitutional rights. We find no error in this ruling.
Costs of appeal are assessed to plaintiffs-appellants.
AFFIRMED.