IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31280
Summary Calendar
_____

JAMES F. FISHER,

                                        Plaintiff-Appellant,

versus

THE CITY OF SLIDELL; CHIP BROCKHAUS, in his individual
and official capacity as a detective of the Slidell
Police Department,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1179-J
--------------------

December 23, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-appellant, James J. Fisher, filed suit against

defendants-appellees, the City of Slidell ("the City") and Chip

Brockhaus, a detective employed by the City, alleging violations

of his rights under the Fourth Amendment together with claims for

defamation and wrongful arrest.  Fisher now appeals from the

district court's dismissal of his claims and the denial of his

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

request to conduct limited discovery on the issue of qualified immunity. Finding no error, we affirm.[**]

A district court's ruling on a Rule 12(b)(6) motion is subject to de novo review. See Barrientos v. Reliance Standard Life Ins. Co., 911 F.2d 1115, 1116 (5th Cir. 1991). The motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (quotation marks and citation omitted). The review of such a motion is limited to the pleadings, although the court may refer to documents attached to and incorporated in the complaint. See Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992); Lovelace v. Software Spectrum, Inc.,78 F.3d at 1017.

As qualified immunity was raised as a defense, the standard of pleading is governed by this court's *en banc* opinion in Schultea v. Wood, 47 F.3d 1427, 1432-33 (5th Cir. 1995). This requires the plaintiff to make more than mere conlusionary allegations; he must set forth particular facts which, if true, would demonstrate he has a cause of action. See id.

Fisher's complaint and Rule 7(a) reply allege that Brockhaus knowingly or recklessly placed false information in affidavits supporting requests for search and arrest warrants. However, Fisher provides no support for this conclusion. At best, he

---

[**] Fisher's complaint alleged other incidents which apparently occurred prior to the arrest in question. The district court dismissed those claims as barred by prescription. Fisher does not address those claims on appeal and, therefore, they are deemed abandoned. See Matter of Tex. Mortgage Services Corp., 761 F.2d 1068, 1073 (5th Cir. 1985).

states that the information set forth by Brockhaus was false. He also attacks the veracity of both Bordelon and a confidential informant. However, both the Rule 7(a) reply and Brockhaus's affidavits indicate that Brockhaus spoke with Bordelon and that Bordelon's story was confirmed, in part, by the independent documentary evidence. There was sufficient information for a magistrate to determine Bordelon's credibility.

The information provided by Bordelon was sufficient, without the CI or the bank officer, to support a finding of probable cause that Fisher had been involved in obtaining a fradulent loan for Bordelon. See Hart v. O'Brien, 127 F.3d 424, 444 (5th Cir. 1997) (probable cause exists where facts known at time of arrest would lead a reasonable person to believe the defendant had committed an offense). Although Fisher argues that Bordelon's information was false, he makes only a conclusionary allegation that Fisher knew or should have known the information was false; he does not state any facts showing that Fisher knew or should have known the information was false. Without more, this is insufficient to overcome the heightened pleading requirement. See Morin v. Caire, 77 F.3d 116, 121 (5th Cir. 1996). Accordingly, the district court did not err in dismissing Brockhaus's claims. It follows that the district court also correctly denied Fisher's request for limited discovery. See Wicks v. Mississippi State Employment Serv., 41 F.3d 991, 994-96 (5th Cir. 1995) (limited discovery should be allowed on issue of qualified immunity only if the conclusional meets the threshold pleading burden).

With respect to Fisher's claim for wrongful arrest, such a claim requires a showing of no probable cause. See Wolfe v. Weiner Enterprises, Inc., 648 So. 2d 1293, 1295 (La. 1995); Breaux v. Jefferson Davis Sheriff's Department, 689 So. 2d 615, 617 (La. App. 3d Cir. 1997). As the district court correctly determined that Brockhaus had probable cause, Fisher's claims necessarily fail.

As for the state law claim of defamation, Fisher failed to allege any defamatory statement. See Trentecosta v. Beck, 703 So. 2d 552, 559 (La. 1997). The only allegation by Fisher is that Brockhaus notified the media that Fisher was going to be arrested, which was, in fact, true. Thus, Fisher's complaint failed to state a cause of action for defamation.

Finally, without liability on the part of Brockhaus, and absent any allegation that Brockhaus acted pursuant to an official policy of the City of Slidell, Fisher failed to state a calim against Slidell; thus, the district court properly dismissed the claims against Slidell. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978).

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.