Perry **TAYLOR, Alesa Ward and Elizabeth McKenzie, Individually and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**UNION PLANTERS BANK OF SOUTHERN MISSISSIPPI, Union Planters Bank of Central Mississippi and Union Planters Bank of Northeast Mississippi, Defendants.**

No.  2:96cv250PG.

United States District Court, S.D. Mississippi, Hattiesburg Division.

March 20, 1997.

---

Lawrence E. Abernathy, III, Laurel, MS, for Perry Taylor and Alesa Ward.

James W. Kichens, Kitchens & Ellis, Jackson, MS, Margaret Parish Ellis, Kitchens & Ellis, Pascagoula, MS, Lawrence E. Abernathy, III, Laurel, MS, for Elizabeth McKenzie.

W. Wayne Drinkwater,. Jr., Margaret S. Oertling, Shawn N. Sullivan, Lake Tindall, L.L.P., Jackson, MS, for Union Planters Bank of Southern Mississippi, Union Planters Bank of Central Mississippi, Union Planters Bank of Northeast Mississippi.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the Defendants, Union Planters Bank of Southern Mississippi, Union Planters Bank of Central Mississippi and Union Planters Bank of Northeast Mississippi (herein collectively referred to as "Union Planters"), to Dismiss Claim under the Truth in Lending Act, pursuant to FED.R.CIV.P. 12(b)(6), and to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3) and FED.R. CIV.P. 12(b)(1). Plaintiffs seek declaratory and injunctive relief, as well as compensatory damages, treble damages, punitive damages, prejudgment interest, costs and attorneys' fees, for Defendants' violation of the Truth in Lending Act, as well as state common and statutory law. Defendants contend that Plaintiffs have failed to state a claim against them under the Truth in Lending Act (hereinafter sometimes referred to as "TILA"), 15 U.S.C. §§ 1601–1665, and thus the TILA claim should be dismissed, and the remaining claims should be dismissed for lack of original jurisdiction. After consideration of Defendants' Motion, Plaintiff's Response, Defendants' Rebuttal, the pleadings, and the relevant legal authority, it is the opinion of the Court that Defendants' Motion is well taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

The basis of Plaintiffs' complaint is a daily overdraft fee imposed by Union Planters in the amount of $5.00 that is deducted upon the presentation of a check on an account that is overdrawn or becomes overdrawn because of the payment of a check. Union Planters has discretion in determining whether or not the check should be paid. The fee is charged to the account for each

day that the account continues to be overdrawn. Union Planters admittedly treats every one of its customers identically in that it charges each customer's account for this daily overdraft fee when a customer's account is overdrawn. Plaintiffs, while checking account customers of Union Planters, were charged daily overdraft fees upon becoming overdrawn. Plaintiffs were not informed about the fees prior to their accounts being charged, and Plaintiffs did not authorize the charges.

Plaintiffs contend that the Truth in Lending Act requires Union Planters to disclose such fees as finance charges. Defendants contend that Plaintiffs have failed to state a claim under TILA because to come within the ambit of TILA, the fees charged must come within the definition of "finance charge," as that term is defined in Regulation Z, 12 C.F.R. § 226.4(a). Because the daily overdraft fee is not a finance charge, then the fee is not covered by TILA. Consequently, Plaintiffs' claims under TILA should therefore be dismissed for failure to state a claim upon which relief may be granted. Moreover, Plaintiffs' remaining claims should be dismissed for lack of original jurisdiction.

### DISCUSSION

*STANDARD FOR MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6):*

To determine whether a motion to dismiss should be granted for failure to state a claim, the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Pace v. Suntech, Inc.,* 900 F.Supp. 20, 23 (S.D.Miss.1995), *citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). "The purpose of a Rule 12(b)(6) motion to dismiss is to test the statement of the claim for relief as set out in the complaint." *Pace,* 900 F.Supp., at 23 (S.D.Miss.1995), *citing Murray v. Amoco Oil Co.,* 539 F.2d 1385, 1387 (5th Cir.1976). "The motion may be granted 'only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Pace,* at 23 (S.D.Miss. 1995), *quoting Barrientos v. Reliance Standard Life Ins. Co.,* 911 F.2d 1115, 1116 (5th Cir.1990) (additional citations omitted).

"Thus, in considering a motion to dismiss, the court's inquiry is limited to the contents of the complaint." *Pace,* at 23–24 (S.D.Miss. 1995), *citing Jackson v. Procunier,* 789 F.2d 307, 309 n. 4 (5th Cir.1986).

*THE TRUTH IN LENDING ACT:*

██ The purpose of the Truth in Lending Act, as delineated by Congress, is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C.S. § 1601(a). Section 226.1(c)(1) of the Truth in Lending Regulations, known as Regulation Z, promulgated pursuant to Title 28 U.S.C. § 1604, provides that the regulation "applies to each individual or business that offers or extends credit when four conditions are met: (i) The credit is offered or extended to consumers; (ii) the offering or extension of credit is done regularly; (iii) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (iv) the credit is primarily for personal, family, or household purposes." 12 C.F.R. § 226.1(c)(1). At issue is whether the imposition of the daily overdraft fee described above is covered by and subject to Regulation Z and TILA. The parties do not dispute that subparagraphs (i), (ii) and (iv) of section 226.1(c)(1) are met. The parties do, however, dispute whether subparagraph (iii) of section 226.1(c)(1) is met. As provided in subparagraph iii, the credit must be subject to a finance charge. 12 C.F.R. § 226.1(c)(1)(iii). Consequently, the daily overdraft fee must be a finance charge to come within the provisions of TILA and Regulation Z.

Plaintiffs claim that the daily overdraft fee is a finance charge. Defendants do not agree. In support of Defendants' argument that the fee is not a finance charge, they refer to the definition of finance charge, examples, and an exclusion from the definition, provided in Regulation Z. Those provisions are as follows:

(a) *Definition.* The finance charge is the cost of consumer credit as a dollar amount. It includes any charge paid directly or

indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit. . . .

(b) *Example of finance charge.* The finance charge includes the following types of charges, except for charges specifically excluded by paragraphs (c) through (e) of this section:

\* \* \* \* \* \*

(c) *Charges excluded from the finance charge.* The following charges are not finance charges:

\* \* \* \* \* \*

(3) Charges imposed by a financial institution for paying items that overdraw an account, unless the payment of such items and the imposition of the charge were previously agreed upon in writing.

12 C.F.R. § 226.4.

Plaintiffs, however, claim that the Official Comments to section 226.4(b)(2) provide that such an overdraft fee is a finance charge. Plaintiffs rely on Official Comment to 12 C.F.R. section 226.4(b)(2), which provides as follows:

A service charge of $5.00 for each item that triggers an overdraft credit line is a finance charge. However, a charge imposed uniformly for any item that overdraws a checking account, regardless of whether the items are paid or returned and whether the account has a credit feature or not, is not a finance charge.

Official Comment 4(b)(2)–1 to 12 C.F.R. § 226.4. Plaintiffs argue that the daily overdraft fee is akin to the $5.00 service charge referred to above in the first sentence of comment 4(b)(2)–1 "because [the fee] is triggered only when the bank extends credit to the customer." Plaintiffs' Response and Memorandum in Opposition to Defendants' Motion to Dismiss, p. 2. In further support of their argument, Plaintiffs claim that the second sentence of comment 4(b)(2)–1 is akin to the flat $20.00 fee, not at issue here,[1] that is imposed "regardless of whether the checks are paid or returned and whether the ac-

count has a credit feature or not. . . ." Plaintiffs differentiate the two fees imposed by Union Planters by contending that the $5.00 fee applies only when checks are paid and the account is thereby overdrawn, whereas the $20.00 fee applies regardless of whether the checks are paid. The $5.00 fee is a finance charge because Union Planters has "extended credit" by paying the check, whereas the $20.00 fee is not a finance charge because it applies regardless of whether there is an "extension of credit."

Defendants' counter Plaintiffs' position by claiming that the official commentary clearly provides that the fee is not a finance charge. Defendants' rely on Official Commentary to Regulation Z, Cmt. 4(c)(3)–1, *repr. in* 3 Fed.Banking L. (CCH) ¶ 27,771 at 28,948 (1995), which provides as follows:

*Assessing interest on overdraft balance.* A charge on an overdraft balance computed by applying a rate of interest to the charge amount of the overdraft is not a finance charge, even though the consumer agrees to the charge in the account agreement, unless the financial institution agrees in writing that it will pay such items.

Official Comment 4(c)(3)–1 to 12 C.F.R. § 226.4. Defendants contend the fee could be a finance charge *if the financial institution agrees in writing that it will pay such items;* however, because Union Planters did not agree in writing that it would pay the checks, then the fee is simply not a finance charge.

■ Although the term "finance charge" is defined in 12 C.F.R. section 226.4(a), the definition is not dispositive of the issue of whether the daily overdraft fee is a finance charge. Guidance in defining the term finance charge is given in section 226.4(c) by providing eight categories of charges that are excluded from the definition of finance charge. Most pertinent to the issue of whether daily overdraft fees come within the definition of finance charge is subsection 3, which provides that charges "for paying items that overdraw an account" are not finance charges, **"unless the payment of**

---

1. Union Planters imposes a $20.00 flat fee, in addition to the $5.00 daily overdraft fee, for checks that are presented for payment on an account that is overdrawn or becomes overdrawn by payment of the check. The $20.00 fee is imposed regardless of whether Union Planters pays the check or not. The one-time $20.00 fee is not at issue here, and Plaintiffs admit that such fee is not a finance charge.

such items and the imposition of the charge were previously agreed upon in writing." 12 C.F.R. § 226.4(c)(3). Similar language regarding having an agreement in writing is repeated in the Official Comment to subsection 3. It provides that "[a] charge on an overdraft balance ... is not a finance charge, ... **unless the financial institution agrees in writing that it will pay such items.**" Official Comment .4(c)(3)–1 to 12 C.F.R. § 226.4. Based upon section 226.4(c)(3)–1 and its official comment, the daily overdraft fee is specifically excluded from the definition of finance charge by section 226.4(c)(3)–1 because the parties did not agree in writing that Union Planters would pay items on an overdrawn account.

As discussed above, Plaintiffs contend that Comment 4(b)(2)–1 includes the daily overdraft fee in the definition of finance charge because the fee is imposed "for each item that triggers an overdraft credit line." Official Comment 4(b)(2)–1 to 12 C.F.R. § 226.4. The Court is not persuaded by this argument. Section 226.4(b) clearly provides that "[t]he finance charge includes the following types of charges, **except for charges specifically excluded by paragraphs (c) through (e) of this section.**" 12 C.F.R. § 226.4(b). Although the daily overdraft fee could arguably come within the examples provided in section 226.4(b) and its official commentary, the daily overdraft fee is specifically excluded from the definition of finance charge by section 226.4(c)(3), and thus it is not a finance charge pursuant to section 226.4(b).

Plaintiffs also rely on *Smiley v. Citibank, N.A.,* —— U.S. ——, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996), and MISS.CODE ANN. § 75–17–25, as authority for their proposition that the daily overdraft fee is a finance charge, and thus comes within the coverage of Regulation Z and TILA. The daily overdraft fee is specifically excluded from the definition of finance charge as that term is defined for purposes of Regulation Z and TILA. Although *Smiley v. Citibank, N.A.* and MISS. CODE ANN. § 75–17–25 may define finance charge to include a charge such as the daily overdraft fee, those definitions are not .persuasive for purposes of defining finance charge as used in Regulation Z and TILA.

Because the daily overdraft fee is not a finance charge as defined in Regulation Z,

the fee is not covered by Regulation Z and TILA. Plaintiffs have therefore failed to state a claim upon which relief can be granted pursuant to TILA and Regulation Z, and the claims based upon TILA and Regulation Z must be dismissed pursuant to FED.R.CIV.P. 12(b)(6).

*REMAINING STATE LAW CLAIMS:*

In addition to their federal claims under TILA and Regulation Z, Plaintiffs have also brought claims based upon state law. Plaintiffs contend that the Court should retain jurisdiction over the remaining claims. Defendants contend that because Plaintiffs' federal claims under TILA and Regulation Z should be dismissed, the remaining state law claims should be dismissed as well. In other words, the Court should not exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims.

Title 28 section 1367(c)(3) provides that the Court "may decline to exercise supplemental jurisdiction over a claim under subsection. (a) if ... the district .court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.S. § 1367(c)(3). "The decision to exercise supplemental jurisdiction is within [the district court's] discretion." *Metropolitan Wholesale Supply, Inc., v. M/V Royal Rainbow,* 12 F.3d 58, 61 (5th Cir.1994), *citing Newport Ltd. v. Sears, Roebuck & Co.,* 941 F.2d 302, 307 (5th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992). Because the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state claims. *Westbrook v. City of Jackson,* 772 F.Supp. 932, 943 (S.D.Miss.1991), *citing Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 348, 108 S.Ct. 614, 617, 98 L.Ed.2d 720 (1988) (federal district court could remand properly removed case to state court when only state law claims remained to be litigated); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (if federal claims dismissed before trial, state claims should be dismissed as well); *see also* 28 U.S.C. § 1367 (West.Supp.1991) (district court may decline to exercise supplemental jurisdiction over claim if district court has dismissed all claims over which it had original jurisdiction).

## CONCLUSION

Defendants have demonstrated that Plaintiffs have failed to state a claim upon which relief can be granted pursuant to the Truth in Lending Act and Regulation Z. The Plaintiffs' TILA claims must therefore be dismissed pursuant to FED.R.CIV.P. 12(B)(6). Because the claims over which this Court had original jurisdiction are dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, those claims must also be dismissed pursuant to FED.R.CIV.P. 12(b)(1).

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion of Defendants Union Planters Bank of Southern Mississippi, Union Planters Bank of Central Mississippi and Union Planters of Northeast Mississippi, to Dismiss Claim under the Truth in Lending Act, pursuant to FED.R.CIV.P. 12(b)(6), and to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3) and FED.R.CIV.P. 12(b)(1), filed August 21, 1996, should be, and is hereby **GRANTED.**