**Hazel BLAND; et al.   Plaintiffs**

**v.**

**FLEET FINANCE, INC.; et al.   Defendants**

**No. 1:02CV442–D–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

May 18, 2004.

Eric D. Bonner, Mann Cowan & Potter, PC, Birmingham, AL, for Plaintiffs and Counter–Defendants.

William C. Brabec, Adams and Reese, Jackson, MS, for Defendants.

Walter D. Willson, Wells Marble & Hurst, PLLC, Jackson, MS, for Defendants and Counter–Claimant.

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

DAVIDSON, Chief Judge.

Presently before the court is the Defendants' motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

### A.   Factual Background

The Plaintiffs in this action separately entered into various consumer loan and insurance agreements with the Defen-

dants. The Plaintiffs filed suit in the Circuit Court of Lowndes County on November 15, 2002, alleging that the Defendants' conduct in connection with the subject loan and insurance transactions renders them liable under various causes of action including fraudulent misrepresentation. The Plaintiffs seek both compensatory and punitive damages.

The Defendants removed the case to this court asserting diversity jurisdiction as a jurisdictional basis for removal. Thereafter, the Plaintiffs motioned the court to remand this matter to state court contending that because the amount in controversy requirement had not been satisfied, federal diversity jurisdiction does not exist and this court lacks subject matter jurisdiction. On September 11, 2003, the court denied the Plaintiffs' motion to remand. The Defendants subsequently filed the pending motion for summary judgment.

### B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for

trial." *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. That burden is not discharged by mere allegations or denials. Fed. R.Civ.P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### C. Discussion

The Defendants assert that the Plaintiffs' claims are barred by the applicable statute of limitations, which requires that actions such as this be commenced within three years after the causes of action accrue. Miss.Code Ann. § 15–1–49 (1972). In support of its position, the Defendants point out that the Plaintiffs purchased each of the subject policies more than three years prior to the filing of this suit, and that under Mississippi law, a cause of action for fraud or misrepresentation accrues upon completion of the sale induced by the false representations or upon consummation of the fraud or misrepresentation. *Dunn v. Dent,* 169 Miss. 574, 153 So. 798, 798–99 (1934).[1]

---

1. It is undisputed that the Plaintiffs last entered into a loan or insurance agreement with the Defendants on June 30, 1995. This lawsuit was filed on November 15, 2002, over seven years later.

In response, the Plaintiffs cite Section 15–1–67 of the Mississippi Code, which tolls the statute of limitations in cases of fraudulent concealment. Specifically, Section 15–1–67 provides that

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been first known or discovered.

Miss.Code Ann. § 15–1–67 (1972).

While the Defendants do not dispute the applicability of Section 15–1–67 to cases such as this, they assert that the Plaintiffs have not adequately alleged that the Defendants engaged in affirmative acts of concealment, subsequent to the sale of the Plaintiffs' insurance policies, that prevented the Plaintiffs from discovering their causes of action. The Defendants also argue that the Plaintiffs could have, with due diligence, discovered their claims much earlier than they did.

In *Stephens v. Equitable Life Assurance Society of the United States,* 850 So.2d 78, 83–84 (Miss.2003), the Mississippi Supreme Court set forth the factors that must be proven before the provisions of Section 15–1–67 can operate to toll the statute of limitations for a cause of action. The *Stephens* court stated that "the plaintiffs have a two-fold obligation to prove that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it." *Id.* at 84.

In accordance with *Stephens,* the Court first considers whether the Plaintiffs have sufficiently alleged that the Defendants engaged in any affirmative act or conduct that prevented the Plaintiffs from discovering their claims. Upon close and careful analysis of the Plaintiffs' pleadings and submissions to the court, the court finds that the Plaintiffs have neither alleged nor presented any evidence whatsoever indicating that the Defendants engaged in affirmative acts of concealment sufficient to invoke the tolling provisions of Section 15–1–67. The Plaintiffs' allegations instead focus on the alleged conduct of the Defendants prior to, and contemporaneous with, the Plaintiffs' purchase of the subject insurance policies; none of the Plaintiffs' allegations aver that the Defendants affirmatively prevented the Plaintiffs from discovering their claims.

Because no allegations or evidence of an affirmative act of concealment on the part of the Defendants have been submitted by the Plaintiffs, the tolling provisions of § 15–1–67 are therefore inapplicable in this case. *See, e.g., Owens v. First Family Fin. Services, Inc.,* No. 3:02CV1680BN, 2003 WL 21497443, at *3–*4 (S.D.Miss. May 30, 2003). The Plaintiffs have simply not alleged any facts, even if proven, that would demonstrate that the Defendants engaged in affirmative acts of concealment that prevented the Plaintiffs from discovering their causes of action in a timely manner.

Accordingly, the court holds that all of the Plaintiffs' claims are barred by the three year statute of limitations set forth in Section 15–1–49 of the Mississippi Code. Thus, based on the above authorities and the submissions presently before the court, the court finds that dismissal of the Plaintiffs' claims is appropriate; no genuine issue of material fact exists and the Defendants are entitled to judgment as a matter of law.

### D. Conclusion

In sum, the Defendants' motion for summary judgment will be granted. The Defendants have shown that there is no genuine issue as to any material fact and that

they are entitled to judgment as a matter of law as to the Plaintiffs' claims.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Defendants' motion for summary judgment and for reconsideration (docket entries 35, 46) is GRANTED;

(2) the Plaintiffs' claims are DISMISSED WITH PREJUDICE; and

(3) this case is CLOSED.

All memoranda, depositions, declarations and other materials considered by the court in ruling on this motion are hereby incorporated into and made a part of the record in this action.