Lou Ann O'BANNON, et al.    Plaintiffs

v.

**GUARDIAN LIFE INSURANCE CO. OF AMERICA; Harrison H. Jones; Center for Financial Planning; Jonathan Zimlich, and John Does 1–20 Defendants**

**No. 1:03 CV 836 GURO.**

United States District Court,
S.D. Mississippi,
Southern Division.

Aug. 5, 2004.

Michael E. Beck, Frazer Davidson, P.A., Jackson, MS, for plaintiffs.

John E. Hughes, III, Walter D. Willson, Robert J. Barefield, Jr., Wells, Marble & Hurst, Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GUIROLA, District Judge.

BEFORE THE COURT is the Motion to Dismiss of Defendants The Guardian Life Insurance Company of America, Harrison H. Jones, Center for Financial Planning and Jonathan Zimlich ("Defendants") [9], the Response of Plaintiffs Lou Ann O'Bannon and Richard O'Bannon, and the Defendants' Reply. After careful consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be granted.

### DISCUSSION

*Standard for Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6):*

To determine whether a motion to dismiss should be granted for failure to state a claim, the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Pace v. Suntech, Inc.,* 900 F.Supp. 20, 23 (S.D.Miss.1995) (citing *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992)). "The purpose of a Rule 12(b)(6) motion to dismiss is to test the statement of the claim for relief as set out in the complaint." *Pace* at 23 (citing *Murray v. Amoco Oil Co.,* 539 F.2d 1385, 1387 (5th Cir.1976)). "The motion may be granted only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Pace, supra,* (quoting *Barrientos v. Reliance Standard Life Ins. Co.,* 911 F.2d 1115, 1116 (5th Cir.1990)) (additional citations omitted). "Thus, in considering a motion to dismiss, the court's inquiry is limited to the contents of the complaint." *Pace* at 23–24 (citing *Jackson v. Procunier,* 789 F.2d 307, 309 n. 4 (5th Cir.1986)).

*Plaintiffs' Allegations:*

This lawsuit involves the terms of insurance policies purchased by the Plaintiffs in 1987. At that time, Defendant Harrison Jones ("Jones") was an agent of Defendant the Center for Financial Planning. According to the Complaint, Plaintiffs discussed their financial situation and goals with Jones, who recommended that they purchase insurance policies from Defendant Guardian Life Insurance Company of America ("Guardian"). Plaintiffs subsequently purchased the whole life insurance policies from Guardian, which became effective on or about December 9, 1987. Plaintiffs contend that they were told at the time of purchase that they would be able to use the cash value of the policies for their future needs, and in addition, the premium payments would no longer have to be made at some unspecified point in the future, or would "vanish." Defendants are alleged to have used deceptive sales illustrations and presentations which misrepresented and concealed material facts about the policies in order to induce Plaintiffs to purchase them in 1987. Specifically, Plaintiffs contend the Defendants failed to warn them that the earnings projections used during the sales presentations were dependent on certain market conditions, actions taken by Plaintiffs, and the financial performance of Guardian. Plaintiffs make a number of statutory and common

law claims against Defendants sounding in fraud and misrepresentation.

The Defendants have filed this Motion to Dismiss asserting that Plaintiffs claims are barred by the applicable statute of limitations, which requires that actions such as this be commenced within three years after the causes of action accrue. MISS. CODE § 15-1-49. Further, under Mississippi law, Plaintiffs had the duty to read the insurance policies before signing them and cannot reasonably rely on oral misrepresentations regarding their terms. *See, e.g., Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464–65 (5th Cir.2003). Defendants point out that the Plaintiffs purchased the subject policies in 1987—more than three years prior to the filing of this suit, and that "the statute of limitations commences to run in any event at the time the fraud is discovered, or at such time as the fraudulent concealment with reasonable diligence might have been first known or discovered." *Smith v. Union Nat'l Life Ins. Co.*, 286 F.Supp.2d 782, 788 (S.D.Miss. 2003) (internal citations omitted). Thus, Plaintiffs' causes of action accrued on the day they purchased the policies.

■ In response, Plaintiffs allege that the running of the statute of limitation period was tolled by application of the fraudulent concealment statute, MISS. CODE § 15-1-67. Fraudulent concealment pursuant to MISS. CODE § 15-1-67 requires that the plaintiff show that "(1) some affirmative act or conduct was done and prevented discovery of a claim and (2) due diligence was performed on [plaintiff's] part to discover it." *Stephens v. Equitable Life Assur. Society of U.S.*, 850 So.2d 78, 84 (Miss.2003). Reviewing the Mississippi Supreme Court's *Stephens* opinion, *id.*, the Fifth Circuit Court of Appeals stated "Mississippi law is unambiguous. Pursuant to § 15-1-67, Plaintiffs were required to prove an affirmative act of fraudulent concealment post-completion of the insur-

ance sales in order to toll the statute of limitations." *Ross v. Citifinancial, Inc.*, 344 F.3d at 464.

■ This Court is reviewing a motion to dismiss, thus, in accordance with *Stephens*, it must consider whether Plaintiffs have sufficiently alleged that the Defendants engaged in any affirmative act or conduct that prevented the Plaintiffs from discovering their claims, which would invoke the tolling provisions of § 15-1-67. But there are no such allegations in the Complaint. The Plaintiffs' allegations instead focus on the conduct of Defendants prior to, and contemporaneous with, the Plaintiffs' purchase of the subject insurance policies in 1987. None of the Plaintiffs' allegations aver that the Defendants affirmatively prevented the Plaintiffs from discovering their claims—only that they did not discover that their policies did not perform as expected when they withdrew some funds in 2001. The Court finds that the statute of limitations began in 1987 and ran as Plaintiffs failed to pursue their legal remedies against the Defendants. Thus, Plaintiff's claims are barred by the applicable statute of limitations. *See Bland v. Fleet Finance, Inc.*, 318 F.Supp.2d 392 (N.D.Miss. 2004) and *Smith v. Union Nat'l Life Ins. Co.*, 286 F.Supp.2d at 789.

IT IS **THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss of Defendants The Guardian Life Insurance Company of America, Harrison H. Jones, Center for Financial Planning and Jonathan Zimlich ("Defendants") [9] is **GRANTED.**

IT IS **FURTHER ORDERED AND ADJUDGED** that the claims of Plaintiffs Lou Ann O'Bannon and Richard O'Bannon against Defendants are **DISMISSED.**