**Jeannie BARRIENTOS, Plaintiff–Appellant,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY and David R. Barrientos, Defendants–Appellees.**

Nos. 89–1454, 89–1552.

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1990.

Rehearing Denied Oct. 10, 1990.

Kenneth M. Cole, Jr., Dallas, Tex., for plaintiff-appellant.

**1116**

Leo John Jordan, Dallas, Tex., for Reliance Standard Life Ins. Co.

Before WISDOM, DAVIS, and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

Jeannie Barrientos (Barrientos) appeals the Fed.R.Civ.P. 12(b)(6) dismissal, based on ERISA[1] preemption, of her state law claims against David R. Barrientos and Reliance Standard Life Insurance Company (Reliance). We AFFIRM.

I.

Barrientos was married to Jose Barrientos, who participated in his employer's group life insurance plan with Reliance, insuring his life for $13,500, with Barrientos as beneficiary. Barrientos' complaint alleges that all policy premiums were deducted from her husband's salary, which were community funds, and that therefore, the policy was community property.

Barrientos alleges that her husband "developed the insane delusion that [she] was dating one of the patients" at the hospital where she was employed; that in August 1985, without Barrientos' knowledge, Jose Barrientos substituted his brother, David Barrientos, as the beneficiary; and that in November 1985, her husband committed suicide at that hospital, in the presence of Barrientos and one of their daughters.

David Barrientos submitted a claim, which Reliance honored. Thereafter, when he refused to surrender the policy proceeds to Barrientos, she made a demand on Reliance. Reliance declined her demand, advising that as required by the policy, it had made full payment to David Barrientos.

Barrientos filed suit in Texas state court against David Barrientos and Reliance, claiming that David Barrientos had converted the insurance proceeds and had violated both the Texas Deceptive Trade Practices Act, Tex.Bus. & Com. § 17.41 *et seq.*, and the Texas Insurance Code, Tex.Ins. art. 21.21; that Reliance had engaged in unfair settlement practices; and that both parties had breached a warranty of good faith and fair dealing and had engaged in fraud, including concerning her community property rights by changing the policy beneficiary. Reliance removed the action to federal court on the ground that the claims arose under federal law (ERISA) and moved almost immediately for dismissal under Rule 12(b)(6), arguing that ERISA preempted Barrientos' claims (all of which were based on state law).[2] The district court agreed, granted Reliance's motion and dismissed the complaint.

II.

A Rule 12(b)(6) dismissal for failure to state a claim is subject to *de novo* review and may be upheld "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).

Determining whether ERISA preemption is applicable is a several step process. The life insurance plan in issue is one of several types of "employee benefit plans" that may be subject to ERISA; it is "maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance ... benefits in the event of ... death...." 29 U.S.C. § 1002(1)(A). ERISA applies to employee benefit plans, among others, maintained "by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). ERISA's broad coverage is limited by five exceptions (none of which are applicable here) for (1) governmental plans; (2) church plans; (3) plans established to comply with workmen's compensa-

---

**1.** The Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 832, 29 U.S.C. § 1001, *et seq.*

**2.** David Barrientos answered the complaint and participated in a district court status conference. He has not participated in this appeal.

tion laws; (4) plans established for nonresident aliens outside the United States; and (5) excess unfunded benefit plans. 29 U.S.C. § 1003(b).

Accordingly, the plan in issue is covered by ERISA. Therefore, we turn to the preemption *vel non* of state laws sought to be applied to that plan. ERISA's preemptive effect upon such state laws is to be determined by an analysis of three ERISA provisions: (1) under its broad preemption clause, 29 U.S.C. § 1144(a), ERISA preempts all state laws insofar as they "relate to" an employee benefit plan covered by the Act (as the plan in issue is); (2) ERISA's preemption clause, however, is narrowed by its savings clause, 29 U.S.C. § 1144(b)(2)(A), which saves (exempts) from such preemption any state law which "regulates insurance"; and (3) the scope of the savings clause is narrowed by ERISA's "deemer clause," which provides:

> Neither an employee benefit plan described in section 1003(a) ..., which is not exempt under section 1003(b) ... (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144(b)(2)(B). *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739–47, 105 S.Ct. 2380, 2388–93, 85 L.Ed.2d 728 (1985) (established three

part preemption test); *Gonzales v. Prudential Ins. Co.*, 901 F.2d 446, 452–53 (5th Cir.1990) (applying three part analysis); *FMC Corp. v. Holliday*, 885 F.2d 79, 84 (3rd Cir.1989), *cert. granted*, — U.S. —, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990).[3]

In *Gonzales*, this court discussed the deemer clause:

> The purpose of this clause is to prevent states from treating ERISA plans as insurers and, then, by taking advantage of the preemption exemption set out in the saving clause, subjecting them to state insurance regulation. The clause therefore has the general effect of prohibiting the states from regulating ERISA plans even though they exhibit some of the same risk-distributing characteristics as do traditional insurers.

901 F.2d at 453 (footnotes omitted). In *Metropolitan Life*, the Supreme Court noted further that the deemer clause creates "a distinction between insured and uninsured plans, leaving the former open to indirect regulation [by the states] while the latter are not." 471 U.S. at 747, 105 S.Ct. at 2393; *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44–46, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987).

■ The stage being painstakingly set, we turn finally to the issue on appeal. But the sole issue is a narrow one; whether the parenthetical phrase "(other than a plan established primarily for the purpose of providing death benefits)" in the deemer clause removes the life insurance plan in issue (which remains an "employee benefit plan") from the preemptive effect of ERISA.[4] This appears to be an issue of first impression.

3. The court in *Holliday* stated that "[u]nder this test a court must inquire whether a state law (1) relates to an employee benefit plan; (2) regulates insurance, and (3) survives the 'deemer' clause." 885 F.2d at 84.

4. Barrientos does not appeal the district court's determination that all her claims (state law) were preempted by ERISA and instead raises only the effect on preemption of the parenthetical phrase in the deemer clause. Whether Barrientos has any meritorious state law claims against Reliance (including, whether they are saved from preemption, other than simply be-

cause the plan does not fall under the deemer clause proscriptions, as discussed *infra*) "demands a different analysis." *Gonzales*, 901 F.2d at 454. Because Barrientos has not raised such an issue, we do not make that analysis.

In addition, because Barrientos sued only under state law, the district court noted that it would normally allow her to amend to state a claim under ERISA, but determined that she lacked standing to bring such an action because she was not a participant or beneficiary of a plan. Barrientos does not raise this issue on appeal either. Likewise, we do not address it.

As quoted above, the deemer clause provides:

> Neither an employee benefit plan described in section 1003(a) ..., which is not exempt under section 1003(b) ... *(other than a plan established primarily for the purpose of providing death benefits),* nor any trust established under such a plan, shall be *deemed* to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144(b)(2)(B) (emphasis added).

In short, Barrientos contends that ERISA does not preempt her state law claims relating to the plan solely and simply because the plan primarily provides death benefits. Such is not the case. As the clause, and ERISA provisions referenced in it, plainly provide, the parenthetical phrase only removes such death benefit plans from the proscriptions of the deemer clause; it does not remove them from possible preemption under ERISA. The only effect of the parenthetical phrase is to allow employee benefit plans established primarily to provide death benefits (as is the one in issue) to be considered the equivalent of a statutorily identified entity, such as an "insurer," for the purpose of state regulation.[5] These plans are therefore removed from the restrictions of the deemer clause (accordingly, states may arguably "deem" them to fall within a certain category, such as an "insurer," for certain regulatory purposes); but a state law being applied to a death benefit plan is still subject to the other two steps of the three part ERISA preemption analysis: (1) whether the law "relates to" the plan; and (2) whether the law is "saved" from ERISA preemption because it "regulates insurance." *See* text and note 3 *supra.*

Accordingly, Barrientos' state law claims (including those arguably saved from preemption) are not saved from ERISA preemption solely because the plan in issue falls within the parenthetical phrase in the deemer clause.

Our inquiry ends here, because we are not asked to take the next step and determine whether any of Barrientos' state law claims are otherwise saved from preemption; nor are we asked to determine whether Barrientos has standing to assert a claim under ERISA, all as discussed in note 4 *supra.*

### III.

Accordingly, the judgment of the district court is

AFFIRMED.

---

5. *See* the Joint Explanatory Statement of the Committee of Conference for the House of Representatives on ERISA, which stated that the deemer clause "does not apply to a plan which is established primarily to provide death bene-

fits; such plans, of course, may be regulated under the State insurance, etc., laws." H.R.Rep. No. 93–1280, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 4639, 5038, 5162.