**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 94-30343

STATE OF LOUISIANA,

                                        Plaintiff-Appellant,

versus

LITTON MORTGAGE CO., Class
Representative, and all other
similarly situated mortgage
servicing companies,

                                        Defendant,

BISYS LOAN SERVICES, INC., Class
Representative, and all other
similarly situated mortgage servicing
companies, fka Litton Mortgage Servicing
Center, Inc., ET. AL.,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

(CA-93-3753-F)

March 30, 1995

Before VAN GRAAFEILAND[*], JOLLY AND WIENER, Circuit Judges.

PER CURIAM:[**]

---

[*]Circuit Judge of the Second Circuit, sitting by designation.

[**]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Plaintiff-Appellant, the State of Louisiana ("the State") appeals two district court orders, one granting the Defendants-Appellees' Litton Mortgage Company, Inc. - now BISYS Loan Services, Inc. - ("Litton/BISYS") and Magnolia Federal Bank for Savings ("Magnolia") (collectively "Defendants") motions to dismiss the State's complaint for failure to state a claim, and the other denying the State's subsequent motion for leave to amend its complaint. The State asserts that the court erred in (1) dismissing its complaint on the ground that Section 10 of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2609(a), does not imply a right of private action, and (2) denying its motion to amend on alternative grounds: that the dismissal of the State's complaint constituted a dismissal of the State's entire action, and that the circumstances underlying the State's motion to amend - particularly the State's effort to resurrect an abandoned claim - did not justify allowing yet another amendment.

We agree with the district court's legal ruling that Section 10 of RESPA does not imply a private cause of action. It follows that the court did not err in dismissing the State's complaint for failure to state a claim under RESPA. With respect to the State's motion for leave to amend, we conclude that the court erred in denying the motion on the ground that the dismissal of the State's complaint constituted a dismissal of the entire action. We are satisfied, however, that this error is harmless by virtue of the fact that the court also addressed the merits of the State's motion to amend and did not abuse its discretion in denying that motion.

We therefore affirm the court's order to that effect.

I

FACTS AND PROCEEDINGS

In November 1993 the State filed an action on behalf of Louisiana homeowners against Litton/BISYS and other similarly situated mortgage companies, asserting claims under Section 10 of the RESPA,[1] the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Louisiana Unfair Trade Practices and Consumer Protection Act ("UTP"), and state antitrust laws. The State's action stemmed from the mortgage companies' alleged practice of requiring homeowners to deposit funds in mortgage escrow accounts in amounts that exceed the amount permitted by federal law or by the homeowners' mortgage contracts. Due to the number of common claims against numerous mortgage servicers, the State in its initial complaint sought to certify a class with Litton/BISYS named as class representative. Prior to an answer being filed, the State amended its original complaint to include federal antitrust claims.

After a preliminary court conference the State amended its complaint a second time, asserting only the RESPA and UTP claims against the defendants individually. Litton/BISYS and Magnolia filed motions to dismiss the complaint. The court granted these motions, concluding that Section 10 of RESPA does not provide a private right of action and declining to exercise supplemental jurisdiction over the remaining state UTP claim.

---

[1]See 12 U.S.C. § 2609(a) (1994) (limiting amount of advance deposit in escrow account that lender may require in connection with federally related mortgage loan).

Following the court's dismissal but before final judgment was entered, the State filed two motions for leave to amend its complaint, - for the third and fourth times - asking to reassert the RICO claim, reinstate the RESPA and state law claims, and add additional defendants. The court denied these motions to amend, reasoning that, as the earlier order of the court had dismissed the State's _entire_ _action_ there was nothing left for the State to amend. The court also concluded that the State's attempt to reassert the abandoned RICO claim, when viewed in conjunction with other circumstances surrounding the case, was indicative at worst of possible bad faith or dilatory motive, or at best, of inartful pleading, thus providing the court with substantial reasons for denying the motions on the merits.

II

ANALYSIS

A. STANDARD OF REVIEW

We review de novo a dismissal of a compliant for failure to state a claim.[2] And, although we review a district court's denial of a motion to amend for abuse of discretion,[3] we review de novo that portion of a district court's denial of the motion to amend

---

[2]_Fernandez-Montes v. Allied Pilots Ass'n_, 987 F.2d 278, 284 (5th Cir. 1993); _FDIC v. Ernst & Young_, 967 F.2d 166, 169 (5th Cir. 1992) (citing _Barrientos v. Reliance Standard Life Ins. Co._, 911 F.2d 1115, 1116 (5th Cir. 1990), _cert. denied_, 498 U.S. 1072 1991)).

[3]_Whitaker v. City of Houston, Tex._, 963 F.2d 831, 836 (5th Cir. 1992) (citing _Gregory v. Mitchell_, 634 F.2d 199, 203 (5th Cir. 1981)); _Avatar Exploration, Inc. v. Chevron, U.S.A., Inc._, 933 F.2d 314 (5th Cir. 1991).

that rests on a question of law:  here, whether the court's order constituted a dismissal of the State's entire action or merely dismissal of specific complaints.

B. SECTION 10 OF RESPA

The State challenges the order dismissing its complaint based on the court's conclusion that Section 10 of RESPA does not imply a private cause of action.  Relying on the Cort v. Ash[4] standard for determining whether a private right of action may be inferred from a particular statute, the State insists that Section 10 clearly does imply a private cause of action.[5]

Applying Cort's four-part test to Section 10, the State reasons that (1) the plaintiff is a member of the class for whose special benefit the statute was enacted; (2) as § 2609(a) does not provide any other remedy, the provision would be superfluous and ineffective without a private cause of action; (3) an implied right of private action is consistent with the purposes of the

---

[4] 422 U.S. 66, 78 (1975)

[5] See id. (establishing four-part test for determining whether private right of action is implicit in particular statute).  The four-part test developed in Cort is as follows:
> First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," that is, does the statute create a federal right in favor of the plaintiff?  Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?  Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?  And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

Id. (citations omitted).

legislative scheme; and (4) even though injured borrowers could seek relief under state law, the likelihood of inconsistent results is high. The State glosses over subsequent cases in which the Supreme Court departed from Cort to conclude that the weightiest factor in determining whether a statute implies a private right of action is whether Congress intended to create one.[6] Moreover, the State apparently overlooks the fact that the absence of legislative history regarding Congress' intent to create a private right of action generally augurs against implying a private cause of action.

The circuits are split on this precise issue.[7] After considering the opposing position of Vega v. First Federal Savings & Loan Association of Detroit,[8] we find most persuasive the Seventh Circuit's well-reasoned opinion in Allison v. Liberty Savings.[9] In reaching its conclusion that Section 10 of RESPA does not create a private right of action, the Allison court acknowledged the Cort

---

[6]See e.g., Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16 (1979) (reiterating that, although prior opinions of Court place considerable emphasis on desirability of implying private right of action in order to effectuate purposes of statute, ultimate question is whether Congress intended to create private remedy); Touche Ross & Co. v. Redington, 442 U.S. 560, 568 575 (1979) (noting that Court's task is limited solely to determining whether Congress intended to create a private right of action).

[7]See Allison v. Liberty Sav., 695 F.2d 1086, 1091 (7th Cir. 1982) (holding that no implied private cause of action exists under Section 10 of RESPA); contra Vega v. First Federal Sav. & Loan Ass'n of Detroit, 622 F.2d 918, 925 n.8 (6th Cir. 1980) (concluding that Congress intended to create private remedy for violation of RESPA).

[8]622 F.2d 918 (6th Cir. 1980).

[9]695 F.2d 1086 (7th Cir. 1982).

test, yet recognized that the central inquiry for determining whether a statute creates a private cause of action is whether Congress intended to create a private remedy.[10]  Observing that Congress explicitly provided federal private remedies in other sections of the Act but not in Section 10, and that there was no legislative history on the issue, the <u>Allison</u> court concluded that when "analysis of the statute itself weighs against implication of a private cause of action and the legislative history is silent, we must conclude that Congress did not intend to create a private remedy."[11]  The court stopped its analysis at that point, noting that "once we have concluded that Congress did not intend to create a private remedy, our inquiry is at an end."[12]  In addition to the reasoning of <u>Allison</u>, we are persuaded further by the fact that when Congress <u>did</u> amend Section 10 - which occurred after <u>Allison</u> - it added penalties for violations of a <u>different</u> provision of that section but not for violations of the provision limiting escrow deposit accounts.[13]  We also note in passing that four district courts sitting in three additional circuits have adhered to <u>Allison</u> when concluding or observing that Section 10 of RESPA does not

---

[10]<u>Id</u>. at 1088 (citing <u>Transamerica Mortgage Advisors, Inc.</u>, 444 U.S. at 15-16 and <u>Touche Ross & Co.</u>, 442 U.S. at 575).

[11]<u>Id</u>. at 1089 (citing <u>Touche Ross & Co.</u>, 442 U.S. at 571).

[12]<u>Id</u>. (citing <u>Transamerica Mortgage Advisors, Inc.</u>, 444 U.S. at 24).

[13]<u>See</u> 12 U.S.C. § 2609(b)-(d) (1994) (1990 amendments to Section 10: adding penalties for violation of subsection § 2609(c) (escrow account statements), but <u>not</u> penalties for violations of subsection § 2609(a) (limits on advance deposits)).

7

imply a private right of action.[14]  We are comfortable in deciding

for this circuit that there is no private right of action under

Section 10 of RESPA.

C. THE STATE'S MOTION TO AMEND

The State urges us to hold that the district court erred in

denying the State's motion for leave to amend on the ground that

the earlier dismissal terminated State's entire action, not merely

the RESPA and UTP complaints.  The State contends that, as the

order granting the Defendants' motions to dismiss gave no

indication that the court intended to dismiss the State's entire

action, the order dismissed only the complaint; thus, it was proper

for the State to seek leave to amend its complaint.[15]

We stated in Whitaker v. City of Houston[16] that, unless a

district court order states expressly or by clear indication

---

[14]See Campbell v. Machias Sav. Bank, 865 F.Supp. 26, 31 (D.Me. 1994) (agreeing with Seventh Circuit; finding no implied private right of action under § 2609); Michels v. Resolution Trust Corp., Civ. No. 4-93-1167, 1994 WL 242162, at *3 (D.Minn. April 13, 1994) (concluding that Allison decision was correct; dismissing plaintiff's claim for violation of RESPA § 10); Bloom v. Martin, 865 F.Supp 1377, 1384-85 (N.D.Cal. 1994) (citing Allison - and criticizing Vega's unsupported contrary conclusion - to support its holding that, as § 2609 does not create a private remedy, neither does the RESPA § 2603); Bergkamp v. New York Guardian Mortgagee Corp., 667 F.Supp. 719, 723 (D.Mont. 1987) (concluding that no private remedy was intended under Section 10 of RESPA).

[15]See e.g., Whitaker v. City of Houston, Tex., 963 F.2d 831, 835 (5th Cir. 1992) (holding that if district court order does not expressly or by clear implication dismiss entire action, order dismisses complaint only and plaintiff may amend pursuant to Rule 15(a)).  See FED. R. CIV. P. 15(a) (establishing in part that party may amend pleading by leave of court and that leave shall be freely given when justice so requires).

[16]963 F.2d 831 (5th Cir. 1992).

8

reflects the court's intention to dismiss an entire action, the order dismisses only the complaint and a plaintiff may seek leave of court to amend.[17]  Here, the dismissal order stated only that "[i]T IS ORDERED that Defendant BISYS Loan Services, Inc.'s March 18, 1994 Motion to Dismiss, argued before this Court on April 6, 1994 is hereby GRANTED."  A literal reading of this order reflects that the court intended to grant the Litton/BISYS motion, which in turn literally was a motion to dismiss the State's second amended complaint.  The docket sheet supports this literal reading in that it records the dismissal order as granting BISYS' motion to "dismiss the State's second amended complaint."

Finding that the court order dismissing the State's complaint neither expressed nor indicated clearly that the court intended to dismiss the State's entire action, we are constrained by the teaching of Whitaker to conclude that the district court erred in denying the State's motion for leave to amend on this procedural basis.  Our conclusion is bolstered by the additional facts that (1) the dismissal order neither invited the State to amend its complaint nor indicated that an amendment was not possible, (2) a final Rule 58 judgment was not filed until almost two months later, and (3) the court - after saying that there was nothing left for the State to amend - went on to address the merits of the motion.[18]

---

[17]Whitaker, 963 F.2d at 832.

[18]See e.g., id. at 834 (noting that if court intended to dismiss entire action it surely would not have considered subsequent motion to amend because there would have been nothing left to amend and plaintiff's only options would have been motion for reconsideration or appeal).

9

We are equally convinced, though, that the district court's error in denying the State's motion to amend based on that procedural basis is nullified by the court's proper denial of the same motion on its merits. The State challenges this "substantive denial," arguing that the court abused it discretion in denying the motion to amend because the State had abandoned the same RICO claim that it was seeking to reassert in the amended complaint. We are again unpersuaded by the State's argument; rather, we are satisfied that the court did not abuse its discretion in denying the State's motion on such grounds.

Rule 15(a) "evinces a bias in favor of granting leave [to amend]," when justice so requires.[19] A decision to grant leave is within the discretion of the court, although if the court "lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial.'"[20] In exercising its discretion a court may consider such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"[21]

When it denied the State's motion to amend, the district court

---

[19]Chitimacha Tribe of Louisiana v. Harry L. Laws Co. Inc., 690 F.2d 1157, 1163 (5th Cir. 1982), cert. denied, 464 U.S. 814 (1983)).

[20]Jamieson By and Through Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)).

[21]Whitaker, 963 F.2d at 836 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962).

made three observations.  First, it noted that the State proposed to resurrect its abandoned RICO claim.[22]  The court essentially determined that, as the substance of these "new" RICO allegations that the State proposed to raise were conceptually identical to those contained in the original complaint, the State's attempt to resurrect the abandoned claim justified the court's decision to deny the motion.

The State complains that the court erred in basing its denial solely on "abandonment."  The State argues that, because a plaintiff is permitted to reassert an abandoned claim in a subsequent amended complaint, the State's attempt to resurrect the RICO claim was not indicative of bad faith or dilatory motive and thus does not justify the court's denial.  The State contends that we rejected "abandonment" as a basis for denying a motion to amend in Watkins v. Lujan,[23] when we held that a plaintiff could reassert a cause of action that was raised in an original complaint but abandoned in a subsequent complaint.[24]

---

[22]See e.g., Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985) ("[A]an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.") (citing Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1237-38 (Former 5th Cir. 1978), vacated on other grounds, 444 U.S. 959 (1979)).

[23]922 F.2d 261 (5th Cir. 1991)

[24]See id. at 265 (concluding that plaintiff did not waive right to reassert original Title VII claim in second amended complaint despite fact that plaintiff had replaced Title VII claim in favor of § 1981 claim in first amended complaint).

11

Despite the State's effort to analogize its situation to Watkins, we perceive a distinguishing difference between the Watkins circumstances and those before us today. Watkins involved a *pro se* plaintiff seeking to reassert an abandoned Title VII discrimination claim, the operative facts of which were the same as those of her § 1981 discrimination claim. In addition, the principal focus in Watkins was on whether the Title VII cause of action related back to the original pleading under Rule 15(c), thereby overcoming the Title VII thirty-day limitation period that would otherwise bar the plaintiff's cause of action. We were persuaded in Watkins that the plaintiff's second amended complaint did relate back to the date of the original filing because both causes of action were based on the same facts and allegations of discrimination.[25] We reasoned therefore that, even though the plaintiff had replaced her original Title VII claim with a § 1981 claim, her so doing did not constitute an absolute waiver of her right to reassert the Title VII claim because at all times the operative facts on which her cause of action was based remained the same.[26] We concluded that this reasoning was "even more compelling in light of [the plaintiff's] *pro se* status and the liberality accorded the pleadings of such parties."[27]

Second, after observing that the State had abandoned its RICO claim, the district court noted that the State had already amended

---

[25]Id.

[26]Id.

[27]Id.

its complaint twice, and that the proposed amended complaints represented the fourth and fifth complaints in that court. Third, the court observed that the proposed amendments failed to raise any new claims or factual allegations. We, too, note that not only was the State attempting to reassert the same RICO claim that it had abandoned - which purportedly was dropped after the initial court conference during which the court expounded on the futility of the claim - but the State was also seeking to reassert the same RESPA and state law claims that the court had unconditionally dismissed approximately two weeks prior to the State's motion.

Having thus determined that these three factors were "indicative of possible bad faith and dilatory motive at the worst, and weak attempts at artful pleading at best," the district court concluded that it had substantial reason to deny the State's motion. We agree. Given the circumstances underlying the State's motion to amend, we are convinced that the district court did not abuse its discretion in denying the motion. We affirm, therefore, the district court's order denying the State's motion for leave to amend its complaint, based on the merits.

III

CONCLUSION

The State urges us to hold that Section 10 of RESPA implies a private right of action, and on that basis to reverse the order of the district court dismissing the State's second amended complaint. We hold, however, that Congress did not intend to create a private right of action under Section 10 of RESPA. Consequently, the

13

district court committed no error in dismissing the State's complaint asserting the RESPA claims.

With respect to the dismissal of the State's subsequent motion to amend its complaint, we conclude that the court did err in holding that the order dismissing the State's complaint constituted a dismissal of its entire action. This error was harmless, however, in light of the court's correct analysis of the State's motion on the merits. As we find no abuse of discretion in the denial of the State's motion based on substantive grounds, we affirm the district court order to that effect.

AFFIRMED.