# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-50344
Summary Calendar

RAUL E. GUERRA,

Plaintiff-Appellant,

versus

SUPREME COURT OF TEXAS; HON. RAUL A. GONZALEZ,
Individually and in his official capacity as Justice; HON. NATHAN L.
HECHT, Individually and in his official capacity as Justice; HON. JOHN
CORNYN, Individually and in his official capacity as Justice; HON. CRAIG
ENOCH, Individually and in his official capacity as Justice; HON. ROSE
SPECTOR, Individually and in her official capacity as Justice; HON. PRIS-
CILLA OWEN, Individually and in her official capacity as Justice;
HON. JAMES A. BAKER, Individually and in his official capacity as
Justice; HON. GREG ABBOTT, Individually and in his official capacity
as Justice; BOARD OF DISCIPLINARY APPEALS; STEVEN J. WATKINS,
Individually and in his official capacity as Chairman of the Board of Disci-
plinary Appeals; STATE OF TEXAS; HON. THOMAS R. PHILLIPS,
Individually and in his official capacity as Chief Justice,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CV-1130)

December 2, 1998

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Raul Guerra appeals the district court's rejection of his challenge to his disbarment under the Texas Board of Disciplinary Rules. For the reasons assigned, we affirm.

## BACKGROUND

Before his disbarment, Guerra was a practicing attorney handling both criminal and civil matters. Guerra sold two guns to one of his clients, a convicted felon. Following an indictment on charges of money laundering and wrongfully giving a weapon to a known felon, Guerra pleaded guilty to the weapons charge[1] and the government dismissed the money laundering charge. After the judgment of conviction was entered, the Chief Disciplinary Counsel for the State Bar of Texas petitioned the Board of Disciplinary Appeals of the Supreme Court of Texas to impose compulsory discipline upon Guerra because of his conviction. Finding that Guerra had committed an "Intentional Crime" as defined by Rule 1.06(O) of the Texas Rules of Disciplinary Procedure, the Board disbarred Guerra under Rule 8.05.[2] The Supreme Court of Texas denied his appeal and Guerra brought the instant action. Both Guerra and the defendants filed motions for judgment on the pleadings. The district court entered judgment in favor of the defendants and Guerra appealed.

## ANALYSIS

We review *de novo* the grant of a judgment on the pleadings.[3] Judgment on the pleadings is appropriate when the material facts of the case are not in dispute and a decision requires only an examination of the pleadings and judicially noticed facts.[4] None of the

---

[1] 18 U.S.C. § 922(d)(1).

[2] Rule 8.05 of the Texas Rules of Disciplinary Procedure provides for compulsory disbarment when an attorney is convicted of an "Intentional Crime" under Rule 1.06(O).

[3] **Barrientos v. Reliance Standard Life Ins. Co.**, 911 F.2d 1115 (5th Cir. 1990).

[4] **Hebert Abstract v. Touchstone Properties, Ltd.**, 914 F.2d 74 (5th Cir. 1990), citing 5A Wright & Miller, **Federal Practice & Procedure**, § 1367 at 509-510 (1990).

material facts herein are contested.

Guerra contends that the Texas Rules of Disciplinary Procedure deny substantive due process because they permit compulsory disbarment proceedings based on convictions for crimes of "moral turpitude," which he claims is a constitutionally vague term.[5].Cite for this.[6] The district court correctly found that a federal court can review proceedings of this nature only in the form of a general challenge to the constitutionality of the Rules.[7] Consistent with this limitation we cannot determine the merits of Guerra's disbarment but must limit our inquiry to a facial challenge of the laws as written.[8] Our review of the pertinent constitutional standards persuades that a facial challenge to the Texas Disciplinary Rules must fail. The district court astutely noted that the test for vagueness in regulatory prohibitions is whether "they are set out in terms that the ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest."[9] As the Rule at issue was promulgated to regulate the conduct of lawyers, our consideration becomes whether the nature of the

---

[5]The Texas Rules provide for compulsory discipline for "Intentional Crimes."

An "Intentional Crime" is defined by Rule 1.06(O) as "any Serious Crime that requires proof of knowledge or intent as an essential element" or "any crime involving misapplication of money or other property held as a fiduciary." "Serious Crime" is in turn defined by Rule 1.06(U) as "barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes." Guerra contends that his crime can only be a "serious crime" if it is one involving moral turpitude requiring proof of knowledge or intent as an essential element, as his conviction does not involve any those listed under "Serious Crimes."

[7]**District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462 (1983).

[8]**Id.**

[9]**Civil Serv. Comm'n v. National Ass'n of Letter Carriers**, 423 U.S. 548, 578-579 (1973), cited in **Arnett v. Kennedy**, 416 U.S. 134, 159 (1974).

proscribed conduct is understandable to an attorney.[10] We agree with the district court that the term is not so vague that a lawyer cannot understand it.[11] Assuming *arguendo* that the statute may be considered vague in some hypothetical applications, we are not inclined to invalidate the regulation *in toto*.[12] Because we agree with the district court that the regulation in question is not impermissibly vague in all its applications, we must uphold its constitutionality.

Nor do we find merit in Guerra's contention that the Texas Rules of Disciplinary Procedure violate due process by allowing the Texas Supreme Court to decide appeals of these decisions without oral argument. Due process does not require that an oral argument be presented in all circumstances.[13] We have held that due process does not require oral argument in cases in which there are no novel or complex issues of law; good briefs are submitted by both parties; the record is not overly voluminous, and the case involves no broad issues of social policy.[14] We find that the issues involved and the record are such that Guerra's due process rights were not violated by the absence of oral argument.

Nor do we find merit in Guerra's contention that due process was violated because neither the Texas Board of Disciplinary Appeals nor the Texas Supreme Court were required

---

[10]**Howell v. State Bar of Texas**, 843 F.2d 205 (5th Cir. 1988); **People v. Morley**, 725 P.2d 510 (Colo. 1986).

[11]**Jordan v. DeGeorge** 341 U.S. 223 (1951).

[12]**Howell** at 208 (holding that even if a bar regulation is vague in some of its application, a court need not "throw the baby out with the bathwater").

[13]**Federal Communications Comm'n v. WJR**, 337 U.S. 265 (1949).

[14]**George W. Bennett Bryson & Co. v. Norton Lilly & Co.**, 502 F.2d 1045 (5th Cir. 1974).

to issue a formal opinion.[15] We are aware of no authority declaring that due process requires the issuance of formal opinions. Further, as the Texas Supreme Court contends, the Texas Rules of Appellate Procedure in effect at the time of Guerra's appeal required only that the Texas Supreme Court issue formal opinions "in such cases as the court deems of sufficient importance to be reported."[16] We find nothing violative of due process in this Rule.

The judgment appealed is AFFIRMED.

---

[15]Guerra also asserts in his brief, but does not discuss, that the Disciplinary Rules violate equal protection by denying a meaningful appeal to one class of attorneys within the disciplinary process. We agree with the district court's assessment that the Disciplinary Rules do not violate these principles. No suspect class or fundamental right is involved; Guerra has presented no evidence, and we do not find from the record, that the Rules are not rationally related to a legitimate government interest. **City of Cleburne v. Cleburne Living Ctr., Inc.**, 473 U.S. 432 (1985); **Nordgren v. Hafter**, 789 F.2d 334 (5th Cir. 1986).

[16]Tex. R. App. P. 75(f) (Vernon Supp. 1997) (amended 1997).