IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30098
Summary Calendar
_____


CURTIS SHUFF; REBECCA SHUFF,

Plaintiffs-Appellants,

versus

AVIOR SHIPPING INC.; M/V MINI MERCHANT; SEACREST
TRANSPORT INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1388
--------------------

October 27, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants, Curtis and Rebecca Shuff, appeal the district
court's dismissal of their First Supplemental and Amending
Petition for failure to state a claim, pursuant to FED. R. CIV. P.
12(b)(6).  We agree that the petition was sufficient to withstand
the liberal notice pleading requirements of the Federal Rules of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Civil Procedure and, therefore, we reverse the judgment of the district court.

All parties agree that this matter is governed by § 905(b) of the Longshore and Harbor Workers' Compensation Act, which allows a longshoreman to sue a vessel owner for negligence attributable to the vessel. The vessel owner has a duty, *inter alia,* to turn over the vessel in safe condition and may be liable to a longshoreman for injuries caused by hazardous conditions under the act or control of the vessel. See <u>Helaire v. Mobil Oil Co.</u>, 709 F.2d 1031, 1036 (5th Cir. 1983).

In their Petition and First Supplemental and Amending Petition, the Shuffs allege that Mr. Shuff was injured when a cable snapped, causing a boom to fall. They further allege that the cable was defective; that the defendants failed to inspect, maintain, or replace the cable; that the defendants knew or should have known of the defective nature of the cable; and that the defendants breached their duty to provide safe working conditions. The district court determined that these allegations were insufficient to put the defendants on fair notice of the nature and grounds of the plaintiffs' claims.

A district court's ruling on a Rule 12(b)(6) motion is subject to <u>de</u> <u>novo</u> review. See <u>Barrientos v. Reliance Standard Life Ins. Co.</u>, 911 F.2d 1115, 1116 (5th Cir. 1991). The district court "must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency

of the claim in favor of the plaintiff." Jefferson v. Lead Indus. Ass'n, Inc., 106 F.3d 1245, 1250 (5th Cir. 1997). A 12(b)(6) motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Barrientos, 911 F.2d at 1116.

The Federal Rules of Civil Procedure embody a concept of "notice" pleading, requiring only that the plaintiff provide the defendant with fair notice of his claim and the grounds on which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957). The Shuffs informed the defendants of the time and place of Mr. Shuff's injury and of its alleged cause - the snapped cable. The Shuffs alleged that the injury occurred aboard a vessel owned and/or operated by the defendants and that the cable's failure was the result of negligent maintenance, inspection, and repair by the defendants. General allegations of negligence are ordinarily sufficient to meet the requirements of notice pleading. See Great Atl. & Pac. Tea Co. v. Jones, 294 F.2d 495, 497 (5th Cir. 1961). The petition in this case meets the standard set forth in Form 9 of the appendix to the Federal Rules; those forms are generally sufficient under the rules. FED. R. CIV. P. 84; Great Atlantic, 294 F.2d at 497.

Although the Shuffs do not expressly allege that the cable was under the control of the vessel, such an allegation is readily inferred from the petition as a whole. See Walker v. South Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990).

Thus, the failure to allege this specific element of the Shuffs'
claim is not fatal.

In sum, we cannot say that it appears beyond any doubt that
the Shuffs will be unable to prove any set of facts which would
entitle them to relief consistent with the allegations of their
petition.  See Barrientos, 911 F.2d at 1116.  Accordingly, we
REVERSE the judgment of the district court and REMAND for further

proceedings consistent with this opinion.

REVERSED AND REMANDED.