## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 99-30746
(Summary Calendar)

BETTY A. MATHERNE,

Plaintiff-Appellant,

versus

JERRY J. LARPENTER, Terrebonne Parish Sheriff,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(98–CV-1381-I)

May 8, 2000

Before HIGGINBOTHAM, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Betty Matherne appeals the district court's dismissal of her civil rights claims under 42 U.S.C. §§ 1981 and 1983 and the Fourteenth Amendment, against Jerry Larpenter, the Sheriff of Terrebonne Parish. For the reasons assigned, we affirm.

FACTUAL SUMMARY AND PROCEDURAL HISTORY

Betty Matherne ("Matherne") is a concerned citizen of Terrebonne Parish, Louisiana who, over the years, has questioned the manner of operation of various public offices in Terrebonne Parish including the Terrebonne Parish Sheriff's office, over which Jerry Larpenter, Terrebonne Parish Sheriff ("Larpenter") has presided since 1987. Matherne filed public record requests of Larpenter and the Sheriff's office and campaigned openly against Larpenter at election time.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

On July 25, 1997, Matherne contacted the Sheriff's Department to make a statement concerning an incident in which she alleged that a neighbor had deliberately stepped into the path of her car while she was traveling on a public highway. About six hours after Matherne made her statement, two witnesses came forward. They made statements which supported Matherne's assertion that "the woman was in fact, walking in proximity to the highway" but neither corroborated that the woman had made a dangerous move towards Matherne's car. The woman who was walking also came forward and admitted she had been walking on the highway, but denied making any move towards Matherne's car and emphasized the close proximity and high speed at which Matherne's vehicle passed. The investigating officer was ordered by Sheriff Larpenter to issue Matherne a misdemeanor summons for criminal mischief for filing a false report. The summons was issued to Matherne at her home.

Two days later, Sheriff Larpenter was quoted in a headline newspaper article reporting the "arrest on false accusation charge" of Betty Matherne. Larpenter stated "Betty Matherne is a consistent liar, and I'll go on the record about that." Larpenter was further quoted as saying that Matherne had made "a false accusation against a person" and "she used up our officers' time a great deal with her concerns." A second headline article was published which stated that the District Attorney's Office would not pursue the charges against Matherne. Matherne, however, was not notified of this decision and was present at her first court appearance ten days later. She was then informed that she would not be prosecuted.

Matherne alleged that she suffered "great fear and trepidation" as a result of Larpenter's actions. She alleged that the defendant had violated her rights under the First, Fourth and Fourteenth amendments and that the summons was issued maliciously and was not supported by probable cause. After filing a response which denied Matherne's claims, Larpenter filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, or in the alternative, Rule 56(c) Motion for Summary Judgment. The district court granted Larpenter's 12(b)(6) motion. Matherne timely filed notice of appeal to this court.

DISCUSSION

-2-

We apply de novo review to a district court's ruling on a Rule 12(b)(6) motion. *See Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990). The motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Id.* (quotations and citation omitted). The review of such a motion is limited to the plaintiff's complaint. *See Jackson v. City of Beaumont Police Dep't.*, 958 F.2d 616, 618 (5th Cir. 1992).

First, we consider whether the district court erred in determining that Matherne failed to allege a deprivation of constitutional magnitude when it found that Matherne did not sufficiently allege a seizure of her person sufficient to give rise to a 42 U.S.C. § 1983 ("§ 1983") claim for malicious prosecution. Matherne contends that the district court abused its discretion in holding that the newspaper article which declared that the district attorney would not prosecute her was sufficient to qualify as notice that she did not have to appear in court. She further argues that she was seized within the meaning of the Fourth Amendment, when she was told to report to court, and did so.

"To state a claim under § 1983, a plaintiff must (1) allege a violation of his rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Lefall v. Dallas Indep. School Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). This court has recently held that "[a] summons, coupled with [] additional liberty restrictions ... may constitute a seizure under the Fourth Amendment." *Evans v. Ball*, 168 F. 856, 861 (5th Cir. 1999). There we held that the significant restrictions on Evan's liberty, especially the right to travel, "rendered Evans seized" for Fourth Amendment purposes. *Id.* at 861. After receiving a summons, Evans was fingerprinted, photographed, forced to sign a personal recognizance bond, required to report regularly to pretrial services, required to provide federal officers with financial and identifying information and required to obtain permission before leaving

the state. *Id*. at 860. In addition, we "expressly declined to decide whether a mere summons backed by a threat of arrest could ever constitute a seizure." *Id.* at 861.[1]

In the case at bar, Matherne was only issued a summons. She was not detained, arrested, arraigned, incarcerated, tried or convicted in connection with the summons. Unlike Evans, *Matherne* does not allege any accompanying restrictions that would effectively amount to a seizure, such as her right to leave the state. She does allege that she was seized when she appeared in court in response to the summons where she was advised for the first time that her case had been declined for prosecution. Despite the widespread headline article that Matherne would not be prosecuted, her voluntary appearance at court, although a waste of her time, does not compare to the liberty infringement presented in *Evans*. We find that the criminal summons issued to Matherne coupled with her voluntary court appearance after published notice that the charges would not be prosecuted, did not sufficiently restrain her liberty to render her seized within the meaning of the Fourth Amendment.[2]

Next we consider whether the district court erred in determining that Matherne failed to sufficiently allege a First Amendment violation in regards to her claim of retaliation for exercise of free speech.[3] She alleges that Sheriff Larpenter called her a "consistent liar" causing substantial emotional damage, and that he issued the summons to her in retaliation for her having made the statement about the woman walking on the highway. She also argues that the district court improperly found her complaint amounted to criticism and a false accusation, regarding the contents of the news article. Matherne also infers that Larpenter maliciously issued the criminal summons

---

[1]  The Second and Third Circuits have also held that accused individuals are seized when the conditions of their pretrial release include restrictions such as those imposed on Evans, particularly restrictions on the right to travel interstate. *See Gallo v. City of Philadelphia*, 161 F.3d 217, 222-23 (3d Cir.1998); *Murphy v. Lynn*, 118 F.3d 938, 946 (2d Cir.), *cert. denied*, 522 U.S.1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998).

[2]  Further, we find no error in the district court's resolution of Matherne's Fourteenth Amendment substantive due process claim to be free from malicious prosecution. *See Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)(pre-trial deprivations of liberty, such as malicious prosecution, not actionable under the Fourteenth Amendment.) The district court also correctly addressed Matherne's 42 U.S.C. § 1981 claim, which is only vaguely referenced on appeal, and therefore considered abandoned.

[3] Not only is Matherne's argument on appeal difficult to decipher, but each of these legal theories were not argued below. We usually "dismiss legal theories raised for the first time on appeal []" however here we nevertheless address the scope of Matherne's contentions. *Tichenor v. Roman Catholic Church*, 32 F.3d 953, 963 (5th Cir. 1994).

against her and made the defamatory statements against her out of retaliation for her past political opposition to him as Sheriff of Terrebonne Parish.

The government argues that the district court did not err because defamation does not give rise to a constitutional tort and therefore is not actionable under § 1983.  We agree albeit within the limitations of our following discussion, and further find that false accusations do not give rise to a First Amendment claim under § 1983.

The First Amendment prohibits adverse government action against an individual because of the exercise of her First Amendment freedoms. *See Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed. 2d 811 (1968); *see also Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999).  However, not all "disadvantages imposed for the exercise of First Amendment freedoms constitute actionable retaliation." *Id.* at 510.  A plaintiff must cross a certain threshold of harm before she can bring a claim for First Amendment retaliation. *See Id.* at 513 n.8.  Significant adverse actions such as arrests or indictments may constitute actionable First Amendment violations. *See Id.* at 511. However "our recent caselaw unequivocally hold[s] that retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983." *Id.* at 513, *see also Pierce v. Texas Dep't. of Criminal Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

Turning to Matherne's allegations, we again emphasize what did not happen.  Matherne was never subject to a restriction of her liberty.  Although she was understandably miffed when she was publicly called a liar and accused of filing a false report, defamation or criticism followed by nothing more produces nothing actionable under the First Amendment. Neither does the issuance of a summons because the consequences flowing from a summons are not analogous to those occurring after an arrest or indictment.  Criticism, false accusations, and investigations, or an attempt to start an investigation, "are all harms that, while they may chill speech, are not actionable under First Amendment jurisprudence." *Id*. at 511-512.  Thus, we find no error in the district court's  holding that Matherne failed to state a 42 U.S.C. § 1983 cause of action under the First Amendment.

AFFIRMED.