UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-10426
Summary Calendar

GEORGE VERNON CHILES,

Plaintiff-Appellant,

versus

LINDA FAITH ALLMAND; FORT WORTH PUBLIC LIBRARY FOUNDATION;
THE CITY OF FORT WORTH,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-804-Y)

November 13, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 action, George Vernon Chiles, *pro se*, sued the Fort Worth Public Library Foundation, the City of Fort Worth, Texas, and Linda Allmand, the librarian for the City and a member of the Foundation's board, claiming violation of the First and Fourteenth Amendments. In participating in the Foundation's fundraising campaign, Chiles made a contribution and submitted a message to be etched on a brick in the sidewalk surrounding the library. The Foundation voted to reject his message, which

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reflected dissatisfaction with the library's circulation department, and it refunded his contribution.

Chiles appeals Appellees' motions to dismiss and for summary judgment being granted. Chiles asserts, among other things: summary dismissal is inappropriate in a case requiring First Amendment forum analysis; the Foundation's rejection of his message violated his First Amendment rights; the brick campaign was a public forum; and the Foundation was a state actor.

We review *de novo* the grant of motions to dismiss and for summary judgment. *E.g., **Barrientos v. Reliance Standard Life Ins. Co.***, 911 F.2d 1115, 1116 (5th Cir.), *cert. denied*, 498 U.S. 1072 (1991).

To state a claim under § 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law". **Leffall v. Dallas Indep. Sch. Dist.**, 28 F.3d 521, 525 (5th Cir. 1994). The threshold inquiry for a § 1983 action is whether there was intentional involvement of a state actor. *See* **Yeager v. City of McGregor**, 980 F.2d 337, 339 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993).

Based upon our review of the record and the briefs, the Foundation was *not* a state actor. *See* **Rendell-Baker v. Kohn**, 457 U.S. 830, 838 (1982); **Yeager**, 980 F.2d at 342; **Frazier v. Board of Trustees of Northwest Miss. Reg'l Med. Ctr.**, 765 F.2d 1278, 1288 (5th Cir. 1985), *cert. denied*, 476 U.S. 1142 (1986). Accordingly,

the district court did *not* err in granting the Foundation's motion to dismiss.

Chiles fails to demonstrate that the Foundation's policy for rejecting messages on bricks was attributable to the City. Because the record does *not* indicate that the City exercised policy-making authority over the Foundation, the summary judgment in favor of the City is also proper. *See **Yeager**, 980 F.2d at 343-44.

Because the Foundation was *not* a state actor, its board members were *not* state actors either. Accordingly, and the allegations against Allmand must also fail. *See **Yeager**, 980 F.2d at 344.

**AFFIRMED**