# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 99-41357
Summary Calendar

———————

MARGIE MANESS,

Plaintiff-Appellant,

versus

GEORGE FULLER; RON CHAISSON; KENNETH
PATTERSON; CHARLES DOYLE; LANA BAKER;
THE CITY OF TEXAS CITY; OFFICE OF COMMUNITY
DEVELOPMENT; PATTERSON PLUMBING; ALLIED
ELECTRIC; DONAL WESLEY, Building Inspector;
BILL PEDERSEN; LEONARD CARPENTER; TEXAS
DEPARTMENT OF INSURANCE; WINDSTORM INSPECTION
DIVISION; ROLAND BODIN; TRAVIS DRYMAN; HERMAN
JACKSON; LYNDON ANDERSON; DICK ROLAND; US
DEPARTMENT OF HOUSING & URBAN DEVELOPMENT;
FORT WORTH REGIONAL OFFICE SOUTHWEST REGION VI;
KATIE WORSHAM; ROBERTO GOMEZ; GARY HOLTBERG;
FRANK DAVIS; BILL ROTERT; WILL WILLIAMSON,

Defendants-Appellees.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-125

————————————————————————

March 1, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Margie Maness appeals the district court's dismissal of her claims against numerous state

and federal defendants, stemming from renovations to her house performed pursuant to a

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

community development block grant program. Maness argues that the district court did not fairly consider her claims. The record shows that Maness was afforded ample opportunity to develop her claims in the district court, and that the district court gave her claims thorough and careful consideration.

Liberally construed, Maness's appellate brief argues that the district court erred in relying on the dismissal of a previous lawsuit filed by Maness raising similar issues and erred in dismissing her claims that defendants deprived her of constitutional rights in violation of 42 U.S.C. § 1983. Maness has failed to brief the other issues addressed by the district court in dismissing her claims, and thus those issues are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Although the district court referred to the dismissal of Maness's previous suit in its opinion, it did not rely on the dismissal as res judicata in the instant suit. This issue is without merit.

We review the district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion de novo. Barrientos v. Reliance Standard Life Ins. Co., 911 F.2d 1115, 1116 (5th Cir. 1990). The motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (quotation marks and citation omitted).

The district court did not err in determining that any alleged threats made by city officials in connection with Maness's renovations did not amount to a constitutional deprivation cognizable under 42 U.S.C. § 1983. See Lamar v. Steele, 698 F.2d 1286, 1286 (5th Cir. 1983). Maness's allegation that defendants conspired against her in connection with her home renovations are wholly conclusional and do not support a conspiracy claim. See Rodriguez v. Neeley, 169 F.3d 220, 222 (5th Cir. 1999).

AFFIRMED.