**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-51216
Summary Calendar

JERRY D. HARTHCOCK,

Plaintiff-Appellant,

versus

ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP;
KILPATRICK STOCKTON LLP,

Defendants-Appellees,

and

COMMISSIONER OF PATENTS AND TRADEMARKS, ETC.,

Respondent.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-995-FB
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jerry D. Harthcock, proceeding pro se, appeals the dismissal

for failure to state a claim of his trade-secret misappropriation

action.  In his complaint and amended complaint, Harthcock alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the law firms of Royston, Rayzor, Vickery, & Williams (Royston) and Kilpatrick Stockton (Kilpatrick), in prosecuting a patent, committed "felony" theft of a trade secret.

As an initial matter, Harthcock's unopposed motion to submit the case on the briefs is GRANTED. Also, Harthcock does not address the district court's denial of injunctive and declaratory relief or the dismissal of the Commissioner of Patents and Trademarks as respondent. Thus, Harthcock is deemed to have abandoned these issues on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Harthcock's argument that the district court erred in characterizing his theft-of-trade-secrets claim as civil in nature is raised for the first time in his reply brief and will not be considered. See Price v. Roark, 256 F.3d 364, 368 n.2 (5th Cir. 2001).

The district court did not err in dismissing Harthcock's complaint for failure to state a claim. Barrientos v. Reliance Standard Life Ins. Co., 911 F.2d 1115, 1116 (5th Cir. 1990); FED. R. CIV. P. 12(b)(6). A review of Harthcock's pleading shows that he failed to establish that the trade secret was acquired through the breach of a confidential relationship or was discovered by improper means or that there was a "use" of the trade secret so as to state a claim for theft of trade secrets. Phillips v. Frey, 20 F.3d 623, 617 (5th Cir. 1994).

Harthcock argues that the district court erred in denying his motion for leave to file a second amended complaint. The claims

that Harthcock sought to raise in the second amended complaint did not cure the deficiencies in Harthcock's first amended complaint, namely, that he failed to adequately plead a cause of action for theft of trade secrets. Accordingly, Harthcock's first amended complaint pleaded his "best case," and the district court did not abuse its discretion in denying Harthcock's motion for leave to file a second amended complaint. <u>Ashe v. Corley</u>, 992 F.2d 540, 542 (5th Cir. 1993); <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986).

The district court also did not err in granting the appellees' motions to dismiss prior to the scheduling-order deadline for filing dispositive motions. See <u>Union City Barge Line, Inc. v. Union Carbide Corp.</u>, 823 F.2d 129, 135 (5th Cir. 1987)(district court has broad discretion to control its own docket).

Nor did the district court abuse its discretion in denying Harthcock's motion to disqualify Royston's counsel. <u>FDIC v. U.S. Fire Insurance Co.</u>, 50 F.3d 1304, 1311 (5th Cir. 1995). Harthcock failed to show that Thomas L. Crisman's prior representation of him was substantially related to the current litigation so as to warrant the disqualification of counsel. <u>In re American Airlines, Inc.</u>, 972 F.2d 605, 614 (5th Cir. 1992). The fact that Harthcock intended to call Crisman as a witness in the instant litigation also did not warrant the disqualification of counsel. Given the foregoing, the judgment of the district court is AFFIRMED.

MOTION GRANTED; AFFIRMED.

3